IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY )<br>and GREAT NORTHERN INSURANCE )<br>COMPANY, )<br>                         Plaintiffs, )<br>        v. )<br> )<br>WAGENER EQUITIES, INC., OWEN )<br>WAGENER & CO., OWEN WAGENER, )<br>DANIEL WAGENER, TIMOTHY WAGENER, )<br>and DENNIS MUMM, )<br>                         Defendants. ) | Case No. 09 cv 7372 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

      Plaintiffs, Federal Insurance Company and Great Northern Insurance Company, by and through their attorneys, Cozen O'Connor, file this Complaint for Declaratory Judgment and state as follows:

**NATURE OF THE ACTION**

      1.     This is an action for Declaratory Judgment in which Plaintiffs Federal Insurance Company ("Federal") and Great Northern Insurance Company ("Great Northern") seek a declaration of their rights, duties and obligations, if any, under certain general liability insurance policies issued by them to Defendant Wagener Equities, Inc. ("Wagener Equities").

      2.     Federal and Great Northern seek a declaration that they are not obligated to defend or indemnify the Defendants under the insurance policies issued by Federal and Great Northern to Wagener Equities, to the extent that Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm are not Insureds under the Policies, and because the Pollution Exclusions contained in the Policies bar coverage for the damages alleged in the Underlying Complaint.

## THE PARTIES

3. Plaintiff Federal Insurance Company is an insurance company organized and existing under the laws of Indiana, with its principal place of business in New Jersey.

4. Plaintiff Great Northern Insurance Company is an insurance company organized and existing under the laws of Indiana, with its principal place of business in New Jersey.

5. Upon information and belief, Defendant Wagener Equities is a corporation duly organized and existing under the laws of Illinois, with its principal place of business at 1840 Industrial Drive, Suite 180, Libertyville, Illinois 60048.

6. Upon information and belief, Defendant Owen Wagener & Co. is a corporation duly organized and existing under the laws of Illinois, with its principal place of business at 955 North Plum Grove, Suite C, Schaumburg, Illinois 60173.

7. Upon information and belief, Defendants Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm ("the Individual Defendants") are natural persons residing in Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Federal and Great Northern, on the one hand, and Wagener Equities, Owen Wagener & Co., and the Individual Defendants, on the other, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue lies in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

10. The relief sought by the Plaintiff in this action is in the nature of a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

11. An actual case and controversy of a judiciable nature exists between Plaintiffs and Defendants involving the rights, duties and obligations, if any, of the parties under insurance policies issued by Federal and Great Northern to Wagener Equities, and such controversy may be resolved by a judgment of this Court.

12. All persons have been made parties to this action who have or claim to have any interest in the matter in controversy.

## THE UNDERLYING SUIT

13. On or about July 6, 2009, Robert M. Fergus, Nathan T. Walker and Patricia W. Steward ("the Underlying Plaintiffs") commenced an action in the Circuit Court of the Nineteenth Judicial District in Lake County, Illinois, number 09L0641, against Wagener Equities, Owen Wagener & Co., and the Individual Defendants, among others ("the Underlying Suit"). See Complaint at Law, attached as Exhibit A.

14. The Underlying Suit alleges that Defendants Wagener Equities and Owen Wagener & Co. owned a commercial property known as 1840 Industrial Drive, Libertyville, Illinois 60048 ("the Industrial Drive property"). Exhibit A at Count II, ¶2. It also alleges that the Individual Defendants acted as landlords and were "directly involved in the day-to-day leasing activity, charged with vetting tenants as well as the operation, management and maintenance" of the Industrial Drive property. Id. at Count III, ¶2.

15. The Underlying Suit alleges that one of the tenants of the Industrial Drive property, Pharmasyn, Inc., was engaged in the business of producing organic compounds and breached its duty "to exercise ordinary care in its transportation, handling, inspection, maintenance and storage of its chemical production components and equipment," causing "dangerous and toxic substances . . . [to be] released from open containers at said property,

3

creating toxic fumes and seepage of hazardous material into the common areas, the environment, and into the premises of the Plaintiffs. . ." Id. at Count I, ¶¶4, 5 and 6.

16. The Underlying Plaintiffs allege that one or more of them were also tenants of the Industrial Drive property beginning in 2003, and allege further that the release of dangerous and toxic substances resulted in damage to the Underlying Plaintiffs' property, bodily injury, incurred medical expenses, and pain and suffering. See, e.g., Id. at Count I, ¶6.

17. The Underlying Plaintiffs allege that their property damage and bodily injuries were caused by the breach of the duty of Wagener Equities and Owen Wagener & Co. to "protect [their] tenants in general and the Plaintiffs in particular from harm due to negligent acts or omissions of any tenant" of the Industrial Drive property. Id. at Count II, ¶¶3 and 5. Likewise, the Underlying Plaintiffs' property damage and bodily injuries are alleged to have been caused by the Individual Defendants' breach of their duty to "exercise ordinary care in their duties as landlords so as to protect said tenants in general and the Plaintiffs in particular from harm due to negligence of any tenant of the premises." Id. at Count III, ¶4.

18. Defendants Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm have all tendered their defense and indemnity for the Underlying Suit to Federal and Great Northern.

19. Federal and Great Northern deny that they owe Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener or Dennis Mumm a duty to defend or indemnify in connection with the Underlying Suit, but are defending them in the Underlying Suit subject to a reservation of rights and this Court's declaration of the parties' rights, duties and obligations, if any, under the Policies.

## **THE POLICIES**

20. The Underlying Plaintiffs allege that their harmful exposures to dangerous and toxic substances began in 2003, potentially triggering insurance policies issued to Wagener Equities by Federal and Great Northern for policy periods beginning February 7, 2002 (collectively, "the Policies"). True and correct copies of the Policies are attached as follows:

   A. The Policy issued by Federal for the February 7, 2002 to February 7, 2003 period is attached hereto as Exhibit B;

   B. The Policy issued by Great Northern for the February 7, 2003 to February 7, 2004 period is attached hereto as Exhibit C;

   C. The Policy issued by Great Northern for the February 7, 2004 to February 7, 2005 period is attached hereto as Exhibit D;

   D. The Policy issued by Great Northern for the February 7, 2005 to February 7, 2006 period is attached hereto as Exhibit E;

   E. The Policy issued by Great Northern for the February 7, 2006 to February 7, 2007 period is attached hereto as Exhibit F;

   F. The Policy issued by Great Northern for the February 7, 2007 to February 7, 2008 period is attached hereto as Exhibit G;

   G. The Policy issued by Great Northern for the February 7, 2008 to February 7, 2009 period is attached hereto as Exhibit H; and

   H. The Policy issued by Great Northern for the February 7, 2009 to February 7, 2010 period is attached hereto as Exhibit I.

21. Subject to the Policy language, Federal and Great Northern agreed to pay damages that the Insured becomes legally obligated to pay by reason of liability imposed by law

or assumed in an Insured contract for bodily injury or property damage caused by an occurrence to which the Policies apply. Each Policy applies only to such bodily injury or property damage that occurs during the policy period.

22. The term "occurrence" is defined in the Policies to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23. Subject to the Policy language, Federal and Great Northern agreed to defend an Insured against a suit. The term "suit" is defined in the Policies to mean a civil proceeding in which damages, to which the Policies apply, are sought.

24. In accordance with the Policies, Federal and Great Northern have no obligation to defend or indemnify Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm in the Underlying Suit, or to indemnify them for the damages alleged therein.

## COUNT I – POLLUTION EXCLUSIONS

25. Federal and Great Northern incorporate herein by reference the allegations set forth in Paragraphs 1 through 24 above.

26. The Policies contain Pollution Exclusions which provide in relevant part that:

> This insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

See, e.g., Exhibit B at 15 of 25. The Pollution Exclusions in their entirety are contained in the Policies attached hereto as Exhibits B through I, respectively.

6

27. The term "pollutants" is defined in the Policies to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." See, e.g., Exhibit B at 23 of 25.

28. The damages sought in the Underlying Suit arise out of the discharge, dispersal, seepage, migration, release or escape of "pollutants," and therefore coverage is barred by the Pollution Exclusions contained in the Policies.

29. An actual and justiciable controversy exists between Federal, Great Northern, Wagener Equities, Owen Wagener & Co., and the Individual Defendants as to whether or not the Policies apply to the claims in the Underlying Suit because of the Pollution Exclusions contained in the Policies.

WHEREFORE, Federal and Great Northern request that the Court enter judgment declaring that:

a) The Policies do not apply to the claims in the Underlying Suit because of the Pollution Exclusions contained in the Policies; and

b) Federal and Great Northern are entitled to such other relief as the Court may deem just and equitable.

## COUNT II – NAMED INSURED

30. Federal and Great Northern incorporate herein by reference the allegations set forth in Paragraphs 1 through 29 above.

31. Subject to the Policy language, Federal and Great Northern agreed to pay damages that an Insured becomes legally obligated to pay, and to defend Insureds against suits alleging damages to which the Policies apply. Federal and Great Northern are defending

Wagener Equities, Owen Wagener & Co., and the Individual Defendants in the Underlying Suit under a reservation of rights.

32. The Policies' Named Insured Endorsements include Wagener Equities as a Named Insured, but do not include Owen Wagener & Co. as a Named Insured.

33. The Policies also provide that certain employees are Insureds, but only for acts within the scope of their employment or while performing duties related to the conduct of a Named Insured's business.

34. Owen Wagener & Co. is not an Insured, and the Individual Defendants are not Insureds unless they were employees of Wagener Equities acting within the scope of their employment. To the extent that Owen Wagener & Co. and the Individual Defendants are not Insureds under the Policies, Federal and Great Northern owe no duty to defend or indemnify them for the claims and damages alleged in the Underlying Suit.

35. An actual and justiciable controversy exists as to whether Federal and Great Northern are obligated to defend and indemnify Owen Wagener & Co. and the Individual Defendants in connection with the claims and damages alleged in the Underlying Suit.

WHEREFORE, Federal and Great Northern request that the Court enter judgment declaring that:

- a) That Federal and Great Northern have no duty to defend or indemnify Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm in connection with the claims and damages alleged in the Underlying Suit; and

- b) Federal and Great Northern are entitled to such other relief as the Court may deem just and equitable.

**JURY DEMAND**

A jury trial is demanded.

                                          Respectfully submitted,

                                          Plaintiffs FEDERAL INSURANCE COMPANY and GREAT NORTHERN INSURANCE COMPANY

Dated: November 24, 2009          By:    s/ Gregory D. Hopp_____
                                                            One of their Attorneys

                                          Gregory D. Hopp
                                          Matthew T. Walsh
                                          COZEN O'CONNOR
                                          222 South Riverside Plaza, Suite 1500
                                          Chicago, IL 60606-6000
                                          Telephone: (312) 382-3100

CHICAGO\741095\1 262896.000