**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

Federal Insurance Company and )
Great Northern Insurance Company. )
  )
  )
   Plaintiffs, )
  )
      v. )    Court No.  09 cv 7372
  )
Wagener Equities, Inc., Owen Wagener )
& Co., Owen Wagener, Daniel Wagener )    Judge Rebecca R. Pallmeyer
Timothy Wagener and Dennis Mumm )
  )
   Defendants. )

**WAGENER EQUITIES, INC.'S, OWEN WAGENER'S,**
**DANIEL WAGENER'S AND DENNIS MUMM'S ANSWER**
**TO THE COMPLAINT FOR DECLARATORY JUDGMENT**
**AND COUNTER-CLAIM FOR DECLARATORY JUDGMENT**

NOW COME Defendants, Wagener Equities, Inc. ("WEI"), Owen Wagener, Daniel Wagener and Dennis Mumm (collectively referred to as the "WEI Defendants") and for their Answer to the Complaint for Declaratory Judgment, state as follows:

**NATURE OF THE ACTION**

1.     This is an action for Declaratory Judgment in which Plaintiffs Federal Insurance Company ("Federal") and Great Northern Insurance Company ("Great Northern") seek a declaration of their rights, duties and obligations, if any, under certain general liability insurance policies issued by them to Defendant Wagener Equities, Inc. ("Wagener Equities").

**ANSWER:**  WEI Defendants aver that the allegations in Paragraph 1 state a legal conclusion to which no response is required.  Should a response be deemed required, the WEI Defendants deny that Plaintiffs are not required to provide the WEI Defendants coverage under the general liability policies at issue.

2.     Federal and Great Northern seek a declaration that they are not obligated to defend or indemnify the Defendants under the insurance policies issued by Federal and Great

Northern to Wagener Equities, to the extent that Owen Wagener & Co., Owen Wagener, Daniel

Wagener, Timothy Wagener and Dennis Mumm are not Insureds under policies, and because the

Pollution Exclusions contained in the Policies bar coverage for damages alleged in the

Underlying Complaint.

**ANSWER:** WEI Defendants admit that Plaintiffs seek a declaration that the Pollution
Exclusions contained in the Policies excuse them from providing coverage to any Defendant.
WEI Defendants further admit that Plaintiffs seek a declaration that they do not have to provide
coverage to Owen Wagener, Daniel Wagener and Dennis Mumm if those individuals are not
insureds under the Policies. WEI Defendants deny that Plaintiffs are excused from providing
them coverage under the Policies for any reason, including those reasons identified in Paragraph
2 of the Complaint.

## THE PARTIES

3.    Plaintiff Federal Insurance Company is an insurance company organized and

existing under the laws of Indiana, with its principal place of business in New Jersey.

**ANSWER:** WEI Defendants aver that they lack sufficient knowledge to form a belief about the
allegations of Paragraph 3 and, on that basis, deny the same.

4.    Plaintiff Great Northern Insurance Company is an insurance company organized

and existing under the laws of Indiana, with its principal place of business in New Jersey.

**ANSWER:** WEI Defendants aver that they lack sufficient knowledge to form a belief about the
allegations of Paragraph 4 and, on that basis, deny the same.

5.    Upon information and belief, Defendant Wagner Equities is a corporation duly

organized and existing under the laws of Illinois, with principal place of business at 1840

Industrial Drive, Suite 180, Libertyville, Illinois 60048.

**ANSWER:** Admitted.

6.    Upon information and belief, Defendant Owen Wagener & Co. is a corporation

duly organized and existing under the laws of Illinois, with its principal place of business at 955

North Plum Grove, Suite C, Schaumburg, Illinois 60173.

**ANSWER:** WEI Defendants aver that they lack sufficient knowledge to form a belief about the allegations of Paragraph 6 and, on that basis, deny the same.

7.      Upon information and belief, Defendants Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm ("the Individual Defendants") are natural persons residing in Illinois.

**ANSWER:** WEI Defendants admit that Owen Wagener, Daniel Wagener and Dennis Mumm are natural persons residing in Illinois.

## JURISDICTION AND VENUE

8.      This Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Federal and Great Northern, on the one hand, and Wagener Equities, Owen Wagener & Co., and the Individual Defendants, on the other, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**ANSWER:** To the extent that Plaintiffs' citizenship as identified in these allegations is accurate, the WEI Defendants admit the allegations in Paragraph 8.

9.      Venue lies in the United States District Court of Northern District of Illinois pursuant to 28 U.S.C § 1391.

**ANSWER:** Admitted.

10.      The relief sought by the Plaintiff in this action in the nature of a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C § 2201.

**ANSWER:** WEI Defendants admit that Plaintiffs seek relief in the form of a declaratory judgment. Answering further, the WEI Defendants deny Plaintiffs are entitled to a declaration that they do not owe the WEI Defendants coverage under the Policies.

11.      An actual case and controversy of judiciable nature exists between Plaintiffs and Defendants involving the rights, duties and obligations, if any, of the parties under insurance polices issued by Federal and Great Northern to Wagener Equities, and such controversy may be resolved by a judgment of this Court.

**ANSWER:** WEI Defendants admit that an actual case and controversy exists between Plaintiffs and the WEI Defendants involving all parties' rights and obligations under the Policies. Answering further, the WEI Defendants deny Plaintiffs are entitled to a declaration that they do not owe the WEI Defendants coverage under the Policies.

12.     All persons have been made parties to this action who have or claim to have any

interest in this matter in controversy.

**ANSWER:** WEI Defendants aver that the allegations in Paragraph 12 state a legal conclusion to which no response is required. Should a response be deemed required, the WEI Defendants deny the allegations.

## THE UNDERLYING SUIT

13.     On or about July 6, 2009, Robert M. Fergus, Nathan T. Walker and Patricia W.

Steward ("the Underlying Plaintiffs") commenced an action in the Circuit Court of the

Nineteenth Judicial District in Lack County, Illinois, number 09L0641, against Wagener

Equities, Owen Wagener & Co., and the Individual Defendants, among others ("the Underlying

Suit"). <u>See</u> Complaint at Law, attached as Exhibit A.

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of a complaint filed on July 6, 2009 as Exhibit A to the Complaint and that the contents of Exhibit A speak for themselves. WEI Defendants deny that the complaint attached as Exhibit A is the pleading presently in full force and effect in the Underlying Suit and further deny all underlying allegations.

14.     The Underlying Suit alleges that Defendants Wagener Equities and Owen

Wagener & Co. owned a commercial property known as 1840 Industrial Drive, Libertyville,

Illinois 60048 ("the Industrial Drive property"). Exhibit A at Count III, ¶2.

**ANSWER:** Denied. Count III, ¶2 of the document attached as Exhibit A to the complaint includes allegations directed towards only Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm. Answering further, WEI Defendants deny that the complaint attached as Exhibit A is the pleading presently in full force and effect in the Underlying Suit and further deny all underlying allegations.

15.     The Underlying Suit alleges that one of the tenants of the Industrial Drive

property, Pharmasyn, Inc., was engaged in the business of producing organic compounds and

breached its duty "to exercise ordinary care in its transportation, handling, inspection, maintenance and storage of its chemical production components and equipment," causing "dangerous and toxic substances…[to be] released from open containers at said property, creating toxic fumes and seepage of hazardous material into the common areas, the environment, and onto the premises of the Plaintiffs…" Id. At Count I,¶¶4,5 and 6.

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached a copy of a complaint filed on July 6, 2009 as Exhibit A to the Complaint and that the contents of Exhibit A speak for themselves.  WEI Defendants deny that the complaint attached as Exhibit A is the pleading presently in full force and effect in the Underlying Suit and further deny all underlying allegations.

16.     The Underlying Plaintiffs allege that one or more of them were also tenants of the Industrial Drive beginning in 2003, and allege further that the release of dangerous and toxic substances resulted in damage to the Underlying Plaintiffs' property, bodily injury, incurred medical expenses, and pain and suffering. See, e.g., Id. At Count I, ¶6.

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached a copy of a complaint filed on July 6, 2009 as Exhibit A to the Complaint and that the contents of Exhibit A speak for themselves.  WEI Defendants deny that the complaint attached as Exhibit A is the pleading presently in full force and effect in the Underlying Suit and further deny all underlying allegations.

17.     The Underlying Plaintiffs allege that their property damage and bodily injuries were caused by the breach of the duty of Wagener Equities and Owen Wagener & Co. to "protect [their] tenants in general and the Plaintiffs in particular from harm due to negligent acts or omissions of any tenant' of the Industrial Drive property. Id. At Count II, ¶¶3 and 5. Likewise, the Underlying Plaintiffs' property damage and bodily injuries are  alleged to have been caused by the Individual Defendants' breach of their duty to "exercise ordinary care in their duties as landlords so as to protect said tenants in general and the Plaintiffs in particular from harm due to negligence of any tenant of the premises." Id. Count III, ¶4.

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of a complaint filed on July 6, 2009 as Exhibit A to the Complaint and that the contents of Exhibit A speak for themselves. WEI Defendants deny that the complaint attached as Exhibit A is the pleading presently in full force and effect in the Underlying Suit and further deny all underlying allegations.

18.     Defendants Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagner, Timothy Wagener and Dennis Mumm have all tendered their defense and indemnity for the Underlying Suit to Federal and Great Northern.

**ANSWER:** WEI Defendants admit that they have tendered their defense and indemnity to Plaintiffs. As for Defendants Owen Wagener & Co. and Timothy Wagener, WEI Defendants aver that they lack sufficient knowledge to form a belief about the allegations of Paragraph 18 and, on that basis, deny the same.

19.     Federal and Great Northern deny that they owe Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener or Dennis Mumm a duty to defend or indemnify in connection with the Underlying Suit, but are defending them in the Underlying Suit subject to a reservation of rights and this Court's declaration of the parties' rights, duties and obligations, if any, under the Policies.

**ANSWER:** WEI Defendants admit that Plaintiffs deny they have a duty to defend and/or indemnify the WEI Defendants in connection with the Underlying Suit. Answering further, the WEI Defendants deny Plaintiffs are entitled to a declaration that they do not owe the WEI Defendants coverage under the Policies.

## THE POLICIES

20.     The Underlying Plaintiffs allege that their harmful exposures to dangerous and toxic substances began in 2003, potentially triggering insurance policies issued to Wagener Equities by Federal and Great Northern for policy periods beginning February 7, 2002 (collectively, "the Policies"). True and correct copies of the Polices are attached as follows:

**ANSWER:** WEI Defendants admit that the Policies issued by Plaintiffs beginning with the effective date of February 7, 2002 and attached to the Complaint as Exhibits B-I potentially provide coverage to the WEI Defendants. Answering further, the WEI Defendants deny all underlying allegations.

A. The Policy issued by Federal for the February 7, 2002 to February 7, 2003

period is attached hereto as Exhibit B;

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Federal for the February 7, 2002 to February 7, 2003 policy period as Exhibit B and that the contents of Exhibit B speak for themselves.

B. The Policy issued by Great Northern for February 7, 2003 to February 7,

2004 period is attached hereto as Exhibit C;

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2003 to February 7, 2004 policy period as Exhibit C and that the contents of Exhibit C speak for themselves.

C. The Policy issued by Great Northern for February 7, 2004 to February 7,

2005 period is attached hereto as Exhibit D;

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2004 to February 7, 2005 policy period as Exhibit D and that the contents of Exhibit D speak for themselves.

D. The Policy issued by Great Northern for February 7, 2005 to February 7,

2006 is attached hereto as Exhibit E;

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2005 to February 7, 2006 policy period as Exhibit E and that the contents of Exhibit E speak for themselves.

E. The Policy issued by Great Northern for the February 7, 2006 to February

7, 2007 period is attached hereto as Exhibit F;

**ANSWER:** WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2006 to February 7, 2007 policy period as Exhibit F and that the contents of Exhibit F speak for themselves.

F. The Policy issued by Great Northern for the February 7, 2007 to February

7, 2008 period is attached hereto as Exhibit G;

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2007 to February 7, 2008 policy period as Exhibit G and that the contents of Exhibit G speak for themselves.

> G.    The Policy issued by Great Northern for the February 7, 2008 to February
>
> 7, 2009 period is attached hereto as Exhibit H; and

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2008 to February 7, 2009 policy period as Exhibit H and that the contents of Exhibit H speak for themselves.

> H.  The Policy issued by Great Northern for the February 7, 2009 to February 7,
>
> 2010 period is attached hereto as Exhibit I.

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached a copy of the Policy issued by Great Northern for the February 7, 2009 to February 7, 2010 policy period as Exhibit I and that the contents of Exhibit I speak for themselves.

21.    Subject to the Policy language, Federal and Great Northern agreed to pay damages that the Insured becomes legally obligated to pay by reason of liability imposed by law or assumed in an Insured contract for bodily injury or property damage caused by an occurrence to which the Policies apply. Each Policy applies only to such bodily injury or property damage that occurs during the policy period.

**ANSWER:**  WEI Defendants admit that Plaintiffs have agreed to pay those damages covered by the Policies.  Answering further, the WEI Defendants deny that Plaintiffs are excused from providing them coverage under the Policies for any reason.

22.    The term "occurrence" is defined in the Policies to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**ANSWER:**  Admitted.

23.    Subject to the Policy language, Federal and Great Northern agreed to defend an Insured against a suit. The term "suit" is defined in the Policies to mean a civil proceeding in which damages, to which the Policies apply, are sought.

**ANSWER:**  WEI Defendants admit that Plaintiffs have agreed to defend the WEI Defendants against a suit.  Answering further, the WEI Defendants deny that Plaintiffs are excused from providing them coverage, including providing a defense against the Underlying Suit, under the Policies for any reason.

24.      In accordance with the Policies, Federal and Great Northern have no obligation to defend or indemnify Wagener Equities, Owen Wagener & Co., Owen Wagener, Daniel Wagener, Timothy Wagener and Dennis Mumm in the Underlying Suit, or to indemnify them for the damages alleged therein.

**ANSWER:**  Denied.  Plaintiffs have an obligation to defend and/or indemnify the WEI Defendants in the Underlying Suit.  Answering further, the WEI Defendants deny all underlying allegations.

## COUNT I – POLLUTION EXCLUSIONS

25.      Federal and Great Northern incorporate herein by reference the allegations set forth in Paragraphs I though 24 above.

**ANSWER:**  The WEI Defendants incorporate their responses to Paragraphs 1-24 as though fully set forth herein.

26.      The Policies contain Exclusions which provide in relevant part that:

This insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

See, e.g., Exhibit B at 15 of 25. The Pollution Exclusions in their entirety are contained in the Policies attached hereto as Exhibits B through I, respectively.

**ANSWER:**  WEI Defendants admit that Plaintiffs have attached copies of the Policies as Exhibits B-I to the Complaint and that the contents of Exhibits B-I speak for themselves. Answering further, the WEI Defendants deny that Plaintiffs are excused from providing them coverage under the Policies for any reason, including under the Pollution Exclusion(s).

27. The term "Pollutants" is defined in the Policies to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." See, e.g., Exhibit B at 23 of 25.

**ANSWER:** WEI Defendants admit that Plaintiffs have attached copies of the Policies as Exhibits B-I to the Complaint and that the contents of Exhibits B-I speak for themselves. Answering further, the WEI Defendants deny that Plaintiffs are excused from providing them coverage under the Policies for any reason, including under the Pollution Exclusion(s).

28. The damages sought in the Underlying Suit arise out of the discharge, dispersal, seepage, migration, release or escape of "pollutants". And therefore coverage is barred by the Pollution Exclusions contained in the Policies.

**ANSWER:** Denied. Plaintiffs have an obligation to defend and/or indemnify the WEI Defendants in the Underlying Suit. Answering further, the WEI Defendants deny all underlying allegations.

29. An actual and justiciable controversy exists between Federal, Great Northern, Wagener Equities, Owen Wagener & Co., and Individual Defendants as to whether or not the Policies apply to the claims in the Underlying Suit because of the Pollution Exclusions contained in the Policies.

**ANSWER:** WEI Defendants admit that an actual and justiciable controversy exists between Plaintiffs and the WEI Defendants involving all parties' rights and obligations under the Policies. Answering further, the WEI Defendants deny Plaintiffs are entitled to a declaration that they do not owe the WEI Defendants coverage under the Policies because of the Pollution Exclusions contained in the Policies.

**WHEREFORE**, Defendants, Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, deny that Plaintiffs can properly deny them coverage under the Policies, ask that the Court find that Plaintiffs have a duty to defend and/or indemnify Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, dismissing the Complaint for Declaratory Judgment with prejudice and for whatever other relief the Court deems just and appropriate.

10

## COUNT II – NAMED INSURED

30.     Federal and Great Northern incorporate herein by reference the allegations set forth in Paragraphs 1 through 29 above.

**ANSWER:**  The WEI Defendants incorporate their responses to Paragraphs 1-29 as though fully set forth herein.

31.     Subject to the Policy language, Federal and Great Northern agreed to pay damages that Insured becomes legally obligated to pay, and to defend Insured against suits alleging damages to which the Policies apply. Federal and Great Northern are defending Wagener Equities, Own Wagener & Co., and the Individual Defendants in the Underlying Suit under reservation of rights.

**ANSWER:**  WEI Defendants admit that Plaintiffs have agreed to pay those damages covered by the Policies and further admit that Plaintiffs have agreed to defend the WEI Defendants against a suit, including the Underlying Suit.  Answering further, the WEI Defendants deny that Plaintiffs are excused from providing them coverage, including providing a defense against the Underlying Suit, under the Policies for any reason.

32.     The Policies' Named Insured Endorsements include Wagener Equities as a Named Insured, but do not include Owen Wagener & Co. as a Named Insured.

**ANSWER:**  The WEI Defendants admit that Wagener Equities, Inc. is a Named Insured under the Policies.

33.     The Policies also provide that certain employees are Insureds, but only for acts within the scope of their employment or while performing duties related to the conduct of a Named Insured's business.

**ANSWER:**  The WEI Defendants admit that Wagener Equities, Inc.'s employees are considered Insureds under the Policies when acting within the scope of their employment or performing duties related to WEI's business.

34.     Owen Wagener & Co. is not an Insured, and the Individual Defendants are not Insureds unless they were employees of Wagener Equities acting within the scope of their

employment. To the extent that Owen Wagener & Co. and the Individual Defendants are not

Insureds under the Policies, Federal and Great Northern owe no duty to defend or indemnify

them for the claims and damages alleged in the Underlying Suit.

**ANSWER:** Denied. Owen Wagener, Daniel Wagener and Dennis Mumm are all considered
Insureds under the Policies. Answering further, Plaintiffs have an obligation to defend and/or
indemnify all WEI Defendants in the Underlying Suit.

35. An actual and justiciable controversy exists as to whether Federal and Great

Northern are obligated to defend and indemnify Owen Wagener & Co. and the Individual

Defendants in connection with the claims and damages alleged in the Underlying Suit.

**ANSWER:** WEI Defendants admit that an actual and justiciable controversy exists between
Plaintiffs and the WEI Defendants involving all parties' rights and obligations under the Policies.
Answering further, the WEI Defendants deny Plaintiffs are entitled to a declaration that they do
not owe Owen Wagener, Daniel Wagener and Dennis Mumm coverage under the Policies for
any reason.

**WHEREFORE**, Defendants, Wagener Equities, Inc., Owen Wagener, Daniel Wagener

and Dennis Mumm, deny that Plaintiffs can properly deny them coverage under the Policies, ask

that the Court find that Plaintiffs have a duty to defend and/or indemnify Wagener Equities, Inc.,

Owen Wagener, Daniel Wagener and Dennis Mumm, dismissing the Complaint for Declaratory

Judgment with prejudice and for whatever other relief the Court deems just and appropriate.

## COUNTER-CLAIM FOR DECLARATORY JUDGMENT

NOW COME Counter-Plaintiffs, Wagener Equities, Inc. ("WEI"), Owen Wagener,

Daniel Wagener and Dennis Mumm (collectively referred to as the "WEI Counter-Plaintiffs")

and for their Counter-Claim for Declaratory Judgment, state as follows:

## THE PARTIES

1. Counter-Plaintiff, Wagener Equities, Inc. ("WEI") is an Illinois corporation with

its principal office at and place of business located at 1840 Industrial Drive, Libertyville, Illinois.

2.      Counter-Plaintiff, Owen Wagener is a resident of Illinois and an employee and/or executive officer of WEI.

3.      Counter-Plaintiff, Daniel Wagener is a resident of Illinois and an employee and/or executive officer of WEI.

4.      Counter-Plaintiff, Dennis Mumm is a resident of Illinois and an employee and/or executive officer of WEI.

5.      Upon information and belief, Counter-Defendant Federal Insurance Company ("Federal") is organized and existing under the law of Indiana, with its principal place of business in New Jersey.

6.      Upon information and belief, Counter-Defendant Great Northern Insurance Company ("Great Northern") is organized and existing under the law of Indiana, with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

7.      This is an action which includes claims for equitable relief over which this Court has jurisdiction.  The WEI Counter-Plaintiffs seek a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

8.      This Court has diversity and amount in controversy jurisdiction pursuant to 28 U.S.C. § 1332 as all of the Counter-Defendants are diverse from the Counter-Plaintiffs and the amount of each insurance policy in dispute exceeds Seventy-Five Thousand Dollars ($75,000).

9.      Pursuant to 28 U.S.C. 1391, venue is proper in this district and division for all parties because a substantial part of the actions took place in Illinois.

## COMMON ALLEGATIONS

## The Federal and Great Northern Policies

10.     Commencing with the policy period beginning on February 7, 2002 and up until the policy period ending February 7, 2010, Counter-Defendants issued a series of liability insurance policies, each with a year-long policy period (the "Policies"), that potentially provide the WEI Counter-Plaintiffs coverage in connection with the suit captioned *Robert M. Fergus, et al. v. Wagener Equities, Inc., et al.*, Case No. 09 L 641 (19th Judicial Circuit, Lake County, Illinois) ("Underlying Suit").   A true and correct copy of the original complaint filed in the Underlying Suit is attached as Exhibit A to Counter-Defendants' Complaint for Declaratory Judgment; a true and correct copy of each of the eight liability policies issued by Counter-Defendants are attached as Exhibits B-I to Counter-Defendants' Complaint for Declaratory Judgment.

11.     WEI is a Named Insured under the Policies.

12.     The Policies also provide coverage to WEI's employees for acts within the scope of their employment by WEI and/or while performing duties related to the conduct of WEI's business.

13.     Since WEI is a corporation, the Policies provide coverage to WEI's executive officers and directors, with respect to their duties as directors and/or officers.

14.     Under the terms of the Policies, Federal and Great Northern agree to pay damages WEI and/or another Insured become legally obligated to pay by reason of liability imposed by law for bodily injury or property damage to which the Policies apply caused by an occurrence. *See, e.g*., pg. 6 of 25 of Exhibit B to Plaintiffs' Complaint.

15.     Under the terms of the Policies, Federal and Great Northern acknowledge they have the right and duty to defend WEI and/or another Insured against a suit seeking damages for

bodily injury, property damage, advertising injury or personal injury. *See, e.g.*, pg. 8 of 25 of Exhibit B to Plaintiffs' Complaint.

16.     The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See, e.g.*, pg. 22 of 25 of Exhibit B to Plaintiffs' Complaint.

17.     The Policies specifically limit the application of the pollution exclusion to "any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to" WEI and/or another Insured. *See, e.g*., pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

18.      The Policies further limit the application of the pollution exclusion to "injury arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants." *See, e.g*., pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

## The Underlying Claims and Litigation

19.     On November 18, 2009, Robert M. Fergus, Nathan T. Walker and Patricia W. Steward ("Underlying Plaintiffs") filed an amended complaint in Underlying Suit against WEI and Dennis Mumm, Owen Wagener, Daniel Wagener (collectively the "Individual WEI Defendants") and various other Defendants.   A true and correct copy of the Amended Underlying Complaint is attached hereto as Exhibit "A".

20.     According to the Underlying Allegations, the Underlying Plaintiffs were physically present at the commercial property located at 1840 Industrial Drive, Libertyville, Illinois (the "Property") in approximately 2003.

21.     The Amended Underlying Complaint asserts separate negligence claims against WEI and the Individual WEI Defendants. *See* Exhibit A at pp. 7-12.

22.    Specifically, the Amended Underlying Complaint directs the following allegations against WEI:

   a.    That WEI operated and/or managed the subject Property (Exhibit A, Count III, ¶2);

   b.    That WEI failed to implement proper procedures to prevent occupant Pharmasyn, Inc. from releasing toxic and noxious chemicals into the Property and the environment (Exhibit A, Count III, ¶5(a));

   c.    That WEI failed to ensure that occupant Pharmasyn, Inc. refrain from negligent operations within the Property (Exhibit A, Count III, ¶5(b));

   d.    That WEI failed to properly report occupant Pharmasyn, Inc.'s negligent operations and the release of toxic and noxious chemicals into the Property and the environment, to proper authorities (Exhibit A, Count III, ¶5(c));

   e.    That WEI failed to implement proper procedures to ensure that any and all releases of toxic and noxious chemicals were properly and timely remediated after such chemical releases so as to prevent further damage to proper and human health (Exhibit A, Count III, ¶5(d)); and

   f.    That WEI failed to warn the Underlying Plaintiffs of the danger when they knew or should have known that toxic and dangerous chemicals had exposed all occupants, and Plaintiffs in particular, to health hazards (Exhibit A, Count III, ¶5(e)).

23.    The Underlying Amended Complaint is devoid of allegations that WEI itself was involved in the actual and/or alleged discharge, dispersal, seepage, migration, release, or escape of pollutants that allegedly occurred as a result of Pharmasyn, Inc.'s activities at the Property.

24.    Similarly, the Underlying Amended Complaint directs the following allegations towards the Individual WEI Defendants:

   a.    That the Individual WEI Defendants operated and/or managed the Property (Exhibit A, Count IV, ¶2);

   b.    That the Individual WEI Defendants failed to implement proper procedures to prevent occupant Pharmasyn, Inc. from releasing toxic and noxious chemicals into the Property and the environment (Exhibit A, Count IV, ¶5(a));

16

      c.      That the Individual WEI Defendants failed to ensure that occupant Pharmasyn, Inc. refrain from negligent operations within the Property (Exhibit A, Count IV, ¶5(b));

      d.      That the Individual WEI Defendants failed to properly report occupant Pharmasyn, Inc.'s negligent operations and the release of toxic and noxious chemicals into the Property and the environment, to proper authorities (Exhibit A, Count IV, ¶5(c));

      e.      That the Individual WEI Defendants failed to implement proper procedures to ensure that any and all releases of toxic and noxious chemicals were properly and timely remediated after such chemical releases so as to prevent further damage to proper and human health (Exhibit A, Count IV, ¶5(d)); and

      f.      That the Individual WEI Defendants failed to warn the Underlying Plaintiffs of the danger when they knew or should have known that toxic and dangerous chemicals had exposed all occupants, and Plaintiffs in particular, to health hazards (Exhibit A, Count IV, ¶5(e)).

25.      The Underlying Amended Complaint is devoid of allegations that the Individual WEI Defendants themselves were involved in the actual and/or alleged discharge, dispersal, seepage, migration, release, or escape of pollutants that allegedly occurred as a result of Pharmasyn's activities at the Property.

**COUNT I**
**Request for Declaratory Judgment – Coverage for Wagener Equities, Inc.**

1-25.      The WEI Counter-Plaintiffs specifically reallege and reincorporate by reference paragraphs 1 through 25 of the common allegations in this Counter-Claim for Declaratory Judgment as and for paragraphs 1 through 25 of Count I of this Counter-Claim for Declaratory Judgment as though fully set forth herein.

26.      This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 because it

17

involves this Court's review of the allegations of the Underlying Suit and involves a comparison of those allegations with the terms and conditions of the Policies.

27.     The Amended Underlying Complaint directs one claim of negligence against WEI.  *See* Exhibit A at pp. 7-9.

28.     Under the terms of the Policies, Federal and Great Northern agree to pay damages WEI becomes legally obligated to pay by reason of liability imposed by law for bodily injury or property damage to which the Policies apply caused by an occurrence.  *See, e.g*., pg. 6 of 25 of Exhibit B to Plaintiffs' Complaint.

29.     Under the terms of the Policies, Federal and Great Northern acknowledge they have the right and duty to defend WEI against a suit seeking damages for bodily injury, property damage, advertising injury or personal injury.  *See, e.g*., pg. 8 of 25 of Exhibit B to Plaintiffs' Complaint.

30.     The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *See, e.g*., pg. 22 of 25 of Exhibit B to Plaintiffs' Complaint.

31.     The Policies specifically limit the application of the pollution exclusion to "any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to" WEI.  *See, e.g*., pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

32.      The Policies further limit the application of the pollution exclusion to "injury arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants."  *See, e.g*., pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

33.     Great Northern and Federal are required to provide WEI coverage against the allegations contained in the Underlying Amended Complaint so long as any of the underlying

allegations are covered, regardless of whether certain allegations may potentially be excluded from coverage.

34. The Policies provide WEI coverage in connection with the Underlying Amended Complaint for the following reasons:

   a. The allegations in the Underlying Amended Complaint directed towards WEI sound in negligence and are devoid of any allegations that WEI's alleged conduct was intentional and, consequently, the alleged underlying damages were caused by an "occurrence" as defined by the Policies;

   b. The allegations in the Underlying Amended Complaint directed towards WEI are not excluded under the Policies' Pollution Exclusion because the Underlying Amended Complaint alleges that the Property at issue was not owned, occupied by, or rented or loaned to WEI. Instead, the Underlying Amended Complaint alleges that WEI operated and/or managed the subject Property; and

   c. The allegations in the Underlying Amended Complaint directed towards WEI are not excluded under the Policies' Pollution Exclusion because Underlying Amended Complaint alleges that the injuries caused by WEI's alleged negligence arise out of WEI's failure to warn Underlying Plaintiffs of the dangers related to Pharmasyn, Inc.'s activities at the Property, failure to implement proper procedures related to Pharmasyn, Inc.'s activities at the Property, failure to ensure Pharmasyn, Inc. was not negligent, and failure to report Pharmasyn, Inc.'s alleged negligence to the proper authorities. The Underlying Complaint does not allege that the alleged injury caused by WEI's claimed negligence arises out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants.

35. Despite Federal's and Great Northern's obligation and agreement to defend and indemnify WEI in connection with the Underlying Amended Complaint, Federal and Great Northern have filed a Complaint for Declaratory Judgment seeking a declaration that the allegations of the Underlying Suit are not covered under the Policies.

36. An actual controversy exists among Counter-Defendants and WEI because WEI contends that it is entitled to coverage under the Policies. WEI contends that it is entitled to a defense and to indemnification from Federal and Great Northern for the fees, expenses, costs and

liability incurred by WEI related to the Amended Underlying Complaint and any liability. Federal and Great Northern have filed a lawsuit denying any and all liability under the Policies.

37.     Counter-Defendants' refusal to defend and indemnify WEI under the Policies is unreasonable and constitutes a breach of its contractual obligations and of its duties of good faith and fair dealing, all in violation of the Polices and relevant Federal law.

**WHEREFORE**, the Counter-Plaintiffs, Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, pray:

A.     That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the Federal and Great Northern Policies;

B.     For declaratory relief in favor of Counter-Plaintiffs, Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, on the actual controversy between them and Counter-Defendants;

C.     That this Court find and declare that the Federal and Great Northern Policies provide coverage for the matters alleged in the Underlying Suit against Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm;

D.     That this Court find and declare that Counter-Defendants Federal and Great Northern are obligated by their respective Policies to provide a defense to Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm in the Underlying Suit;

E.     That this Court find and declare that Counter-Defendants Federal and Great Northern are obligated by their respective Policies to pay any settlement and/or judgment entered in the Underlying Suit against Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm; and

F.     For such other and further relief as this Court deems just and proper.

### COUNT II
### Request for Declaratory Judgment
### (Coverage for Owen Wagener, Daniel Wagener and Dennis Mumm)

1-37.     The WEI Counter-Plaintiffs specifically reallege and reincorporate by reference paragraphs 1 through 37 of the common allegations in this Counter-Claim for Declaratory

Judgment as and for paragraphs 1 through 37 of Count II of this Counter-Claim for Declaratory Judgment as though fully set forth herein.

38.     This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 because it involves this Court's review of the allegations of the Underlying Suit and involves a comparison of those allegations with the terms and conditions of the Policies.

39.     The Amended Underlying Complaint directs one claim of negligence against Owen Wagener, Daniel Wagener and Dennis Mumm. *See* Exhibit A at pp. 9-12.

40.     Under the terms of the Policies, Federal and Great Northern agree to insure WEI's employees for acts within the scope of their employment by WEI or while performing duties related to the conduct of WEI's business. *See, e.g.*, pg. 3 of 25 of Exhibit B to Plaintiffs' Complaint.

41.     Under the terms of the Policies, Federal and Great Northern agree to insure WEI's executive officers and directors with respect to their duties as WEI's officers and directors. *See, e.g.*, pg. 3 of 25 of Exhibit B to Plaintiffs' Complaint.

42.     During the relevant time period, Owen Wagener, Daniel Wagener and Dennis Mumm were WEI's employees and/or officers or directors and were at all relevant times acting within the scope of their employment by WEI or performing duties related to the conduct of WEI's business and/or performing duties as WEI's officers or directors.

43.     As such, Owen Wagener, Daniel Wagener and Dennis Mumm are insureds under the Policies.

44.     Under the terms of the Policies, Federal and Great Northern agree to pay damages Owen Wagener, Daniel Wagener and/or Dennis Mumm become legally obligated to pay by

reason of liability imposed by law for bodily injury or property damage to which the Policies apply caused by an occurrence. *See, e.g.*, pg. 6 of 25 of Exhibit B to Plaintiffs' Complaint.

45.     Under the terms of the Policies, Federal and Great Northern acknowledge they have the right and duty to defend Owen Wagener, Daniel Wagener and/or Dennis Mumm against a suit seeking damages for bodily injury, property damage, advertising injury or personal injury. *See, e.g.*, pg. 8 of 25 of Exhibit B to Plaintiffs' Complaint.

46.     The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See, e.g.*, pg. 22 of 25 of Exhibit B to Plaintiffs' Complaint.

47.     The Policies specifically limit the application of the pollution exclusion to "any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to" an Insured. *See, e.g.*, pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

48.      The Policies further limit the application of the pollution exclusion to "injury arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants." *See, e.g.*, pg. 15 of 25 of Exhibit B to Plaintiffs' Complaint.

49.     Great Northern and Federal are required to provide Owen Wagener, Daniel Wagener and Dennis Mumm coverage against the allegations contained in the Underlying Amended Complaint so long as any of the underlying allegations are covered, regardless of whether certain allegations may potentially be excluded from coverage.

50.     The Policies provide Owen Wagener, Daniel Wagener and Dennis Mumm coverage in connection with the Underlying Amended Complaint for the following reasons:

      a.     Owen Wagener, Daniel Wagener and Dennis Mumm are all considered Insureds under the Policies;

      b.      The allegations in the Underlying Amended Complaint directed towards Owen Wagener, Daniel Wagener and Dennis Mumm sound in negligence and are devoid of any allegations that any individual's alleged conduct was intentional and, consequently, the alleged underlying damages were caused by an "occurrence" as defined by the Policies;

      c.      The allegations in the Underlying Amended Complaint directed towards Owen Wagener, Daniel Wagener and Dennis Mumm are not excluded under the Policies' Pollution Exclusion because the Underlying Amended Complaint alleges that the Property at issue was not owned, occupied by, or rented or loaned to any of these individuals. Instead, the Underlying Amended Complaint alleges that these individuals operated and/or managed the Property;

      d.      The allegations in the Underlying Amended Complaint directed towards Owen Wagener, Daniel Wagener and Dennis Mumm are not excluded under the Policies' Pollution Exclusion because Underlying Amended Complaint alleges that the injuries alleged caused by their alleged negligence arise out of their alleged failure to warn Underlying Plaintiffs of the dangers related to Pharmasyn, Inc.'s activities at the Property, failure to implement proper procedures related to Pharmasyn, Inc.'s activities at the Property, failure to ensure Pharmasyn, Inc. was not negligent, and failure to report Pharmasyn, Inc's alleged negligence to the proper authorities. The Underlying Amended Complaint does not allege that the alleged injury caused by any individual's claimed negligence arises out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants.

      51.    Despite Federal's and Great Northern's obligation and agreement to defend and indemnify Owen Wagener, Daniel Wagener and Dennis Mumm in connection with the Underlying Amended Complaint, Federal and Great Northern have filed a Complaint for Declaratory Judgment seeking a declaration that the allegations of the Underlying Suit are not covered under the Policies.

      52.    An actual controversy exists among Counter-Defendants and Owen Wagener, Daniel Wagener and Dennis Mumm because these individuals contend that they are entitled to coverage under the Policies. Owen Wagener, Daniel Wagener and Dennis Mumm contend that they are entitled to a defense and to indemnification from Federal and Great Northern for the fees, expenses, costs and liability incurred by them related to the Amended Underlying

Complaint and any liability. Federal and Great Northern have filed a lawsuit denying any and all liability under the Policies.

53. Counter-Defendants' refusal to defend and indemnify Owen Wagener, Daniel Wagener and Dennis Mumm under the Policies is unreasonable and constitutes a breach of its contractual obligations and of its duties of good faith and fair dealing, all in violation of the Polices and relevant Federal law.

**WHEREFORE**, the Counter-Plaintiffs, Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, pray:

A. That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the Federal and Great Northern Policies;

B. For declaratory relief in favor of Counter-Plaintiffs, Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm, on the actual controversy between them and Counter-Defendants;

C. That this Court find and declare that the Federal and Great Northern Policies provide coverage for the matters alleged in the Underlying Suit against Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm;

D. That this Court find and declare that Counter-Defendants Federal and Great Northern are obligated by their respective Policies to provide a defense to Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm in the Underlying Suit;

E. That this Court find and declare that Counter-Defendants Federal and Great Northern are obligated their respective Policies to pay any settlement and/or judgment entered in the Underlying Suit against Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm; and

F. For such other and further relief as this Court deems just and proper.


**Dated: January 15, 2010**

Respectfully submitted,

By:    /s/ Robert C. Heist            
         One of the attorneys for Wagener Equities, Inc.,
         Owen Wagener, Daniel Wagener and Dennis Mumm

Robert Connor Heist (#6203070)
Anne-Marie Foster (#6282887)
R. CONNOR & ASSOCIATES, P.C.
10 S. Riverside Plaza, Suite 1830
Chicago, IL 60606
312/780-1976 Telephone
312/780-1980 Facsimile

## CERTIFICATE OF SERVICE

    I, Robert C. Heist, certify that I served a true and correct copy of the above-referenced document(s) were upon all parties of record electronically on those registered to receive service by electronic filing, on January 15, 2010, and on the remaining parties by depositing them in the U.S. Mail at 10 S. Riverside Plaza, Chicago, Illinois 60606, at or before 5:00 p.m. on January 15, 2010 with proper prepaid postage.

Dated:  January 15, 2010                 By:    /s/ Robert C. Heist