IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Federal Insurance Company and  Great Northern Insurance Company. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 09 cv 7372 |
| Wagener Equities, Inc., Owen Wagener & Co., Owen Wagener, Daniel Wagener Timothy Wagener and Dennis Mumm | ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants. | ) | |

**WAGENER EQUITIES, INC.'S, OWEN WAGENER'S,
DANIEL WAGENER'S AND DENNIS MUMM'S RESPONSE TO
PLAINTIFFS' STATEMENT OF FACTS AND THEIR STATEMENT OF
FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, Wagener Equities, Inc., Owen Wagener, Daniel Wagener, and Dennis Mumm (collectively referred to as the "WEI Defendants") by and through their attorneys R. Connor & Associates, P.C. and pursuant to Local Rule 56.1(b)(3) hereby respond to Plaintiffs' Statement of Facts and provide their own Statement of Facts supporting the WEI Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in support hereof state as follows:

**I.    WEI DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS**

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. 1332, as the Plaintiffs are both diverse from all of the Defendants and the amount in controversy exceeds $75,000. (Counterclaim at ¶8.)

**RESPONSE**:    Not contested.

2. Venue is proper in this judicial district because the causes of action arise in this judicial district. (Counterclaim at ¶9.)

**RESPONSE**: Not contested.

3. Wagener Equities, Inc. ("Wagener") is an Illinois Corporation with its principal place of business located at 1840 Industrial Drive in Libertyville, Illinois ("the Property"). (Wagener Counterclaim, Exh. A at ¶1.)

**RESPONSE**: The WEI Defendants do not contest that WEI is an Illinois corporation with its principal place of business at 1840 Industrial Drive, Suite 180, in Libertyville, Illinois.

4. Each of the individual defendants is an employee and/or executive officer of Wagener and an Illinois Resident. (Wagener Counterclaim, Exh. A at ¶¶ 2, 3, 4.)

**RESPONSE**: Not contested.

5. The real estate taxes on the property were sent to and paid by Wagener, care of the Wagener Corporate Center. (Motion for Summary Judgment of Federal and Great Northern, Exh. A, Tax Payment Coupons.)

**RESPONSE**: The WEI Defendants do not contest that, as an agent for the property owner(s), WEI pays the real estate taxes for the property located at 1840 Industrial Drive, in Libertyville, Illinois. However, WEI is reimbursed by the actual owner(s) of the property. *See* Exhibit B to Plaintiffs' memorandum of law in support of their motion for summary judgment.

6. Title to the Industrial Drive property, however, was held by LaSalle National Bank as Trustee under Trust #012408. (Motion for Summary Judgment of Federal and Great Northern, Exh. B, Amendment to Lease, dated August 26, 2003.)

**RESPONSE**: Not contested.

7.      In 2003 and thereafter, Robert Fergus was a tenant at the Property; in 2005 and thereafter, Nathan Walker and Patricia Steward were tenants of the Property. (Counterclaim, Exh. A at Ct. I, ¶1.)

>   **RESPONSE**: Contested in part, due to the fact the underlying complaint alleges that Robert Fergus was an occupant at the Property in 2003 and for some time prior thereto; alleges that Nathan Walker and Patricia Steward were occupants of the Property; and also defines the "Property" as 1840 Industrial Drive, Suite 220, Libertyville, IL. Counterclaim, Exh. A at Ct. I, ¶1. Answering further, the WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

8.      In July 2009, Fergus, Walker and Steward sued Pharmasyn, Inc., certain of its officers, and the Wagener Defendants. In November 2009, an Amended Complaint ("the Underlying Complaint") was filed, adding as party-defendants two individuals who the Plaintiffs allege were officers and/or employees of Pharmasyn.

>   **RESPONSE**: The WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

9.      The Underlying Complaint alleges that Pharmasyn, a tenant at the Property since 1995, was engaged in the business of producing organic compounds, which entailed the need to "transport, handle, inspect, maintain and store chemical production components and equipment at the Property." (Id. at Ct. I, ¶2, 3.)

>   **RESPONSE**: Contested in part because the underlying complaint defines "the Property" as 1840 Industrial Drive, Suite 220, Libertyville, IL, not 1840 Industrial Drive, Libertyville, IL. Counterclaim, Exh. A at Ct. I, ¶1. Answering further, the WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

10. All Counts of the Complaints contain identical language about the cause of Plaintiffs' injuries:

> As a direct and proximate result of one or more of the aforementioned negligent acts and omissions of the Defendants . . . at 1840 Industrial Drive in the Village of Libertyville, County of Lake, State of Illinois, dangerous and toxic substances including, but not limited to, isocyanate chemicals, were released from open containers at the [Industrial Drive] Property, creating toxic fumes and seepage of hazardous materials into the common areas, the environment, and into the premises occupied by the Plaintiffs, resulting in the Plaintiffs sustaining damage to their property . . . [and] resulting in their sustaining injury to their persons. . .

(Id. at Ct. I, ¶ 6; Ct. II, ¶ 6; Ct. III, ¶ 6; and Ct. IV, ¶ 6.)

> **RESPONSE**: The WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

11. The Underlying Complaint alleges that the Wagener Defendants are also liable for Pharmasyn's release of the chemicals and Plaintiffs' resulting injuries, because the Wagener defendants allegedly: (a) failed to implement procedures to prevent Pharmasyn from "releasing toxic and noxious chemicals into the Property and the environment;" (b) failed to ensure that Pharmasyn refrained from negligent operations at the Property; (c) failed to report Pharmasyn's "release of toxic and noxious chemicals into the Property and the environment;" (d) failed to ensure that "releases of toxic and noxious chemicals" were properly remediated; and (e) failed to warn Plaintiffs and all occupants of the Industrial Drive Property that the release of "toxic and dangerous chemicals" exposed them to health hazards. (Id. at Ct. III, ¶ 5 and Ct. IV, ¶ 5.)

> **RESPONSE**: The WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

4

12. Plaintiffs allege in the Underlying Complaint that the damage to their property, their expenditures for medical care and treatment, and their physical and psychological pain and suffering entitle them to a recovery in excess of $50,000.

> **RESPONSE**: The WEI Defendants do not contest the existence of the Underlying Litigation and further state that the underlying complaint speaks for itself. However, the WEI Defendants deny the truth of all underlying allegations. *See* WEI Defendants' Answer to Plaintiffs' Complaint, ¶¶ 13-17.

13. Federal and Great Northern issued liability insurance policies to Wagener Equities for policy periods beginning February 7, 2002 ("the Policies"). (Id. at ¶10.)

**RESPONSE**: Not contested.

14. True and correct copies of these policies are attached as Exhibits B through I to the Complaint for Declaratory Judgment filed by Federal and Great Northern ("the Insurers' Complaint"). (Id.)

**RESPONSE**: Not contested.

15. Employees of Wagener Equities are insureds for acts within the scope of their employment. (The Insurers' Complaint, e.g. Exh. B at 3 of 25.)

**RESPONSE**: Not contested.

16. In addition, the Named Insured provisions of the policies included "LaSalle National Bank T/U/T #012408 and All Beneficiaries Thereunder and Agents Thereof" as a named insured under the Policies. (The Insurers' Complaint, e.g., Exh D at Form 80-02-9301.)

> **RESPONSE**: Contested. The policies attached as Exhibit B and Exhibit C to Plaintiffs' Complaint do not include this endorsement. *See* Exhibit B and Exhibit C to Plaintiffs' Complaint.

17. Subject to the policy language, Federal and Great Northern agreed to pay damages that Wagener Equities became legally obligated to pay by reason of liability imposed

5

by law, or were assumed in an insured contract, for bodily injury or property damage caused by an occurrence to which the policies apply. (The Insurers' Complaint, e.g. Exh. B at 6 of 25.)

> **RESPONSE**: Not contested.

18. The term "occurrence" is defined in the Policies to mean an accident, including continuous or repeated exposure to substantially the same general harmful conditions. (Id. at 22 of 25.)

> **RESPONSE**: The WEI Defendants do not contest that Plaintiffs' policies defines the term as stated. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

19. The Policies apply to only such bodily injury or property damage that occurred during the policy period. (Id. at 6 of 25.)

> **RESPONSE**: The WEI Defendants do not contest that Plaintiffs' policies provide as stated. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

20. Each of the Policies contains what is known as an absolute pollution exclusion. These exclusions all provide in relevant part as follows:

> This insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
> 1. at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

(Id. at 15 of 25.)

> **RESPONSE**: The WEI Defendants do not contest that Plaintiffs' policies provides as stated. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

21. The term "pollutants" is defined to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkilis, chemicals and waste." (Id. at 23 of 25.)

**RESPONSE**: The WEI Defendants do not contest that Plaintiffs' policies defines the term as stated. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

22. Finally, Federal and Great Northern agreed to defend Wagener and other insureds under the policies against a suit whose allegations fall within the terms of the coverage. (Id. at 8 of 25.)

**RESPONSE**: Not contested.

23. On August 4, 2009, the underlying litigation was tendered by the Wagener Defendants to Federal and Great Northern for a defense under the policies they issued to Wagener.

**RESPONSE**: Not contested.

24. Federal and Great Northern offered to defend the Wagener Defendants in the underlying litigation, pursuant to a reservation of rights.

**RESPONSE**: The WEI Defendants do not contest that Plaintiffs accepted the defense tender subject to a reservation of rights. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

25. The Wagener Defendants have appointed independent counsel to defend them, but are being reimbursed for the fees and costs of that defense by Federal and Great Northern.

**RESPONSE**: Not contested.

26. On November 24, 2009, Federal and Great Northern filed this Complaint for Declaratory Judgment, seeking a declaration that they had no duty to defend the Wagener

7

Defendants in the underlying litigation and that that no coverage exists for the underlying litigation under the policies issued to Wagener. Count I of the Complaint seeks a declaration that the policies do not apply to the claims in the underlying suit because of the absolute pollution exclusions contained in the policies.

> **RESPONSE**: The WEI Defendants do not contest that Plaintiffs have filed a declaratory judgment action seeking a determination of no coverage in connection with the underlying litigation. The WEI Defendants also do not contest that Count I of Plaintiffs' complaint seeks a declaration of no coverage in connection with the underlying litigation based on the application of the Policy's pollution exclusion. The WEI Defendants deny that Plaintiffs are entitled to disclaim coverage for the underlying litigation under any portion of the Policy. *See* WEI Defendants' Answer to Plaintiffs' Complaint and WEI Defendants' Counterclaim.

27. On January 15, 2010, the Wagener Defendants filed a Counterclaim for Declaratory Judgment, seeking a declaration that coverage exists for the underlying litigation under the policies issued to Wagener.

> **RESPONSE**: The WEI Defendants do not contest that they have filed a counterclaim seeking a determination that Plaintiffs are obligated to provide them with coverage under the Policies in connection with the underlying litigation and that the contents of the pleading speaks for itself.

28. Both Counts of the Wagener Counterclaim acknowledge that a finding of coverage depends on a finding that the pollution exclusions do **not** apply to the underlying litigation.

> **RESPONSE**: The WEI Defendants do not contest that they have filed a counterclaim seeking a determination that Plaintiffs are obligated to provide them with coverage under the Policies in connection with the underlying litigation and that the contents of the pleading speaks for itself.

## II. WEI DEFENDANTS' STATEMENT OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT

1. None of the WEI Defendants hold legal title to the property commonly known as 1840 Industrial Drive, Libertyville, IL 60048. *See* Exhibit B to Plaintiffs' memorandum of law

in support of their motion for summary judgment.

2.  The WEI Defendants occupy Suite 180 at the 1840 Industrial Drive, Libertyville, Illinois property. The Insurers' Complaint and WEI Defendants' Answer, ¶5.

3.  The underlying complaint identifies the subject property as 1840 Industrial Drive, Suite 220, Libertyville, Illinois. *See, e.g.*, Exhibit A to WEI Defendants' memorandum in opposition to summary judgment, Count I ¶1.

4.  The underlying complaint is devoid of allegations that any WEI Defendant occupied the property identified in the underlying complaint. *See* Exhibit A to WEI Defendants' memorandum in opposition to summary judgment.

5.  The underlying complaint alleges that the alleged chemical at issue was released at the property identified as 1840 Industrial Drive, Suite 220, Libertyville, Illinois. *Id.* at Count III, ¶ 6; Count IV, ¶ 9.

6.  The underlying complaint alleges that the underlying plaintiffs were exposed to the chemical and issue and suffered their alleged injuries at the property identified as 1840 Industrial Drive, Suite 220, Libertyville, Illinois. *Id.* at Count III, ¶¶ 6-7; Count IV, ¶¶ 9-10.

7.  The underlying complaint alleges that the chemical at issue was allegedly produced in connection with Pharmasyn, Inc.'s business activities. *Id.* at Count I, ¶¶ 2-3.

8.  The underlying complaint alleges that the WEI Defendants' alleged omissions occurred in connection with their business activities as property managers. *Id.* at Count III, ¶¶ 2-4; Count IV, ¶¶ 2-7.

9.  The underlying complaint is devoid of allegations that the alleged chemical at issue was released into the air, soil or water surrounding the property located at 1840 Industrial Drive, Libertyville, Illinois. *Id.*

10. The underlying complaint is devoid of allegations that any other individuals other than identified plaintiffs suffered injuries as a result of the alleged release of chemicals at the property identified as 1840 Industrial Drive, Suite 220, Libertyville, Illinois.

By: /s/ Robert C. Heist
One of the attorneys for Wagener Equities, Inc., Owen Wagener, Daniel Wagener and Dennis Mumm

Robert Connor Heist (#6203070)
Anne-Marie Foster (#6282887)
R. CONNOR & ASSOCIATES, P.C.
10 S. Riverside Plaza, Suite 1830
Chicago, IL 60606
312/780-1976 Telephone
312/780-1980 Facsimile

**CERTIFICATE OF SERVICE**

I, Robert C. Heist, certify that I served a true and correct copy of the above-referenced document(s) were upon all parties of record electronically on those registered to receive service by electronic filing, on November 18, 2010, and on the remaining parties by depositing them in the U.S. Mail at 10 S. Riverside Plaza, Chicago, Illinois 60606, at or before 5:00 p.m. on November 18, 2010 with proper prepaid postage.

Dated: November 18, 2010         By: /s/ Robert C. Heist